Case 2:21-cv-00115   Document 15   Filed on 09/22/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD GARIBAY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-115 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner, Richard Garibay, is a state prisoner incarcerated at the McConnell Unit in Beeville, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the calculation of his sentence. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment. (D.E. 14). Petitioner has failed to file a response. Pursuant to the local rules Plaintiff's failure to respond may be taken as his having no opposition to the pending Motion. Nevertheless, the undersigned has addressed herein the merits of Respondent's motion. For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 14) and **DISMISS** this case. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner is incarcerated within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

**II.     BACKGROUND**

On November 21, 1984, Petitioner was found guilty of sexual assault of a child after a jury trial in the 144th District Court of Bexar County and was sentenced to 45 years incarceration. (D.E. 11-2, Pages 18-22). Petitioner was released to mandatory supervision on January 3, 2002. (D.E. 11-8, Pages 41-44). A warrant was issued and executed on October 8, 2002 and was later withdrawn on January 10, 2003, with Petitioner receiving jail credit for this period. (D.E. 11-8, Pages 41-44). A second warrant was issued on March 27, 2003 and was executed on July 31, 2003 and his supervision was revoked on September 17, 2003. (D.E. 11-8, Pages 41-44).

Petitioner was then again released to mandatory supervision on July 6, 2012. (D.E. 11-8, Pages 41-44). However, a warrant was issued and executed on November 4, 2014 and later withdrawn on July 2, 2015, with Petitioner receiving jail credit for this period. (D.E. 11-8, Pages 41-44). Another warrant was issued on September 15, 2017 and executed on March 27, 2018 and Petitioner's supervision was revoked on April 4, 2018, with Petitioner receiving credit from March 27, 2018 to the present. (D.E. 11-8, Pages 41-44).

Petitioner filed a Time Dispute Resolution Form with the Classification and Records Department of the Texas Department of Criminal Justice on July 26, 2018 and was advised on September 25, 2018 that he had been denied street time credit under Tex. Gov. Code 508.283(b)[1] because he had been convicted of sexual assault of a child and he also forfeited any previously accrued good time pursuant to § 498.004.[2] (D.E. 11-8, Page 42). On September 27, 2019, Petitioner filed a state habeas application contending his sentence had been miscalculated as he was not given full credit for his flat time served while incarcerated. (D.E. 11-8, Pages 4 and 6). However, on July 29, 2020, this application was dismissed without a written order as noncompliant pursuant to Texas Rule of Appellate Procedure 73.2 (Non-Compliant Applications) (Specifically, pages or questions from the form were omitted or deleted and Petitioner did not complete a proper verification of the prescribed form). (D.E. 11-5); *In re Richard Garibay*, WR-21, 997-05 (Tex. Ct. of Crim. App. July 29, 2020) (Action Taken).[3] Petitioner filed the pending federal habeas petition over nine months later on May 7, 2021, it is postmarked on June 8, 2021 and it was received by the Court on June 10, 2021. (D.E. 1, Pages 10 and 13).

---

[1]This section provides that if a person described by § 508.149(a) has their parole or mandatory supervision revoked, then that person may be required to serve the remaining portion of his or her sentence without receiving credit for the time from the date of the person's release to the date of the revocation. Such a person is not eligible for "street-time" credit under § 508.283(b), forfeiting any time spent on supervision. Petitioner is serving a sentence for sexual assault of a child, a listed offense under § 508.149(a)(6), and is therefore, not eligible for "street-time" credit and due to his revocation, he forfeited credit for any time spent on supervision.

[2]This section provides that "[o]n the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued."

[3]Petitioner's state habeas petition was dismissed as noncompliant by the Texas Court of Criminal Appeals. However, prior to this dismissal, the 144th District Court of Bexar County issued an opinion on May 5, 2020 for consideration by the Texas Court of Criminal Appeals finding Petitioner had "received jail credit for all periods spent in custody." (D.E. 11-8, Page 36). Further, the Court determined Petitioner's alleged miscalculation of his "flat-time and mandatory supervision" was "referring to time spent on mandatory supervision that was subsequently forfeited and added to his sentence." (D.E. 11-8, Page 38). Therefore, the Court determined Petitioner was not entitled to relief. (D.E. 11-8, Page 38).

**III.     RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Respondent asserts this action should be summarily dismissed as time barred and/or as unexhausted. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

- (A)  the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner challenges the calculation of his sentence, seeking restoration of "flat time credit" for time he has served in custody. Under these circumstances, the one-year statute of limitations for federal habeas review began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2244(d)(1)(D). Attached to his complaint is Petitioner's inmate timeslip dated October 24, 2018 showing the change in calculation of his sentence, specifically his flat time credit, with a "status effect date" of October 23, 2018. (D.E. 1, Pages 11 and 12). Therefore, Petitioner knew or could have discovered the factual predicate for his claims by the date on this timeslip and therefore, the statute of limitations expired one year later on October 24, 2019. Petitioner's noncompliant state habeas application filed on September 27, 2019 and dismissed on July 29, 2020, did not toll the limitations period. *Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2004) (State habeas application did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2) because it did not comply with Rule 73.2). Accordingly, Petitioner's pending federal habeas petition filed on May 7, 2021 is untimely.[4]

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019). A petitioner is entitled to equitable

---

[4]Even if Petitioner were to argue he did not know about the alleged miscalculation until he filed his state habeas application on September 27, 2019, his federal petition is still untimely. The statute of limitations would have run a year later, on Monday, September 28, 2020, as an improperly filed state habeas petition does not toll the limitations period. The undersigned further notes Petitioner waited over nine months after his state habeas application was dismissed as noncompliant to file the pending federal habeas petition.

tolling if he shows he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over a year past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Further, even if Petitioner's claim was timely filed, he has failed to exhaust his state remedies. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a petition for discretionary review or a state application for writ of habeas corpus, to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). The Fifth Circuit has explained "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). Petitioner must not only present the same claims to the highest state court but must also present them in a procedurally correct manner. *Deters*, 985 F.2d at 795 (citation omitted).

Although Petitioner filed a state habeas application, it was dismissed as noncompliant and was therefore, not considered on the merits. Accordingly, Petitioner has failed to properly present his claims to the Texas Court of Criminal Appeals. Therefore, it is respectfully recommended that Petitioner has also failed to exhaust his claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a

valid claim of denial of a constitutional right, or that the assessment of limitations or failure to exhaust in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V.    RECOMMENDATION

Because there is no evidence that an extraordinary circumstance actually prevented Petitioner from filing a timely federal petition, the undersigned **RECOMMENDS** he is not entitled to equitable tolling and his petition both untimely and unexhausted. Therefore, it is respectfully **RECOMMENDED** that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 14) and **DISMISS** this action as time barred and unexhausted. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 22nd day of September, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).